~~EXHIBIT F~~

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MARYLAND

| | |
|---|---|
| IN RE MUTUAL FUNDS INVESTMENT LITIGATION | MDL DOCKET NO. 1586 |
| IN RE EXCELSIOR, FEDERATED, SCUDDER and AMCAP | Civil No. 04-md-15861 (CCB) |
| [Federated Subtrack] | Case No. 1:04-cv-00928-JFM |
| *This Document relates to both the Investor Class Action and the Derivative Action* | Case No. 04-md-00933 |

## ~~[PROPOSED]~~ FINAL ORDER AND JUDGMENT

On the 21st day of October 2010, a hearing having been held before this Court to determine: (1) whether the terms and conditions of the Stipulation of Settlement dated December 14, 2009 (the 'Stipulation") are fair, reasonable and adequate for the settlement of the claims asserted by the Class against the Defendants in the Consolidated Complaint now pending in this Court under the above captioned Class Action, including the release of the Released Parties, and should be approved; (2) whether judgment should be entered dismissing the Consolidated Complaint on the merits with prejudice in favor of the Defendants and as against all Persons that are Members of the Subclass that have not requested exclusion therefrom; (3) whether judgment should be entered dismissing the Derivative Complaint without prejudice; and (4) whether and in what amount to award Lead Counsel, Derivative Counsel and Plaintiffs' Administrative Chair and Liaison Counsel fees and reimbursement of expenses.

The Court having considered all matters submitted to it at the hearing and otherwise; and it appearing that a notice of the hearing substantially in the form approved by the Court was

mailed to all Subclass Members as shown by the records of Federated's transfer agent, at the respective addresses set forth in such records, and that a publication notice of the hearing substantially in the form approved by the Court was published in the national edition of the Wall Street Journal and USA Today and transmitted over the *Business Wire* pursuant to the specification of the Court.

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED as follows:

1. Unless otherwise defined herein, all capitalized terms used herein shall have the meanings as set forth and defined in the Stipulation.

2. The Court has jurisdiction over the subject matter of the Class Action and the Derivative Action (collectively, the "Actions"), the Lead Plaintiff, all Class Members, the Subclass Representative, all Subclass Members, the Derivative Plaintiffs and the Defendants.

3. The Court finds that the prerequisites for a class action under the Federal Rules of Civil Procedure 23(a) and (b)(2) for the Class have been satisfied in that: (a) the number of the Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law or fact common to the Class; (c) the Lead Plaintiff's claims are typical of the claims of the Class they seek to represent; (d) the Lead Plaintiff and Lead Counsel have and will fairly and adequately represent the interests of the Class; and (e) the party opposing the Class has acted on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

4. The Court finds that the prerequisites for a class action under the Federal Rules of Civil Procedure 23(a) and (b)(3) for the Subclass have been satisfied in that: (a) the number of the Subclass Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law or fact common to the Subclass; (c) the Subclass Representative's claims are typical of the claims of the Subclass they seek to represent; (d) the Subclass Representative and Lead Counsel have and will fairly and adequately represent the interests of the Subclass; (e) the question of law and fact common to the members of the Subclass

predominate over any questions affecting only individual members of the Subclass; and (f) the class action is superior to other available methods for fair and efficient adjudication of the controversy.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies the Class Action as a class action on behalf of all shareholders of Federated fluctuating value mutual funds from October 21, 1998 to present (the "Class); and

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court also hereby finally certifies the Class Action as a class action on behalf of all Persons listed on Exhibit B to the Stipulation, who have been identified as shareholders in Federated fluctuating value mutual funds from October 21, 1998 to September 30, 2003, who own or owned certain specifically identified accounts with respect to which it has been determined that: (a) Federated personnel processed order(s) for transaction(s) in the account after 4:00 p.m. (hereinafter references to "4:00 p.m." shall refer to 4:00 p.m. Eastern Time); (b) Federated has not to date established that such order(s) was (were) either received by Federated before 4:00 p.m. or were properly processed at that day's closing NAV for other reasons; and (c) the difference between the amount(s) received or paid for such order(s) in the account was (were) less favorable to the accountholder than the amount(s) that would have been received or paid at the next day's NAV in a net amount of more than $10 (the "Subclass").

7. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Lead Plaintiff, the Subclass Representative and Lead Counsel.

8. Notice of the pendency of the Class Action as a class action and of the proposed settlement was mailed to all Subclass Members and publication notice was given to all Class Members via the Internet and through publications in the Wall Street Journal, USA Today and transmittal over the *Business Wire*. The form and method of notifying all Class Members of the pendency of the Class Action as a class action and of the terms and conditions of the proposed Settlement met the requirements of Rule 23 of the Federal Rules of Civil Procedure, Section 27 of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(7) as amended by the Private Securities

3

Litigation Reform Act of 1995, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7) as amended by the Private Securities Litigation Reform Act of 1995, due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all Persons entitled thereto.

9. The Court hereby finds, after reviewing the objection submitted by Theodore A. Bechtold in the Strong sub-track of the MDL Actions and the objections that Theodore A. Bechtold attempts to raise in this sub-track, that Theodore A. Bechtold has no standing to object in the Federated sub-track.

10. The terms of the Stipulation and of this Final Order and Judgment shall be forever binding on the Lead Plaintiff and all other Class Members. Lead Plaintiff and all other Class Members, with the exception of all Subclass Members who have not been timely excluded from the Settlement Subclass, retain the right, pursuant to section III.A.(1) of the Stipulation, to assert individual claims for compensatory damages only, but may not assert claims on a class basis or a derivative basis relating to the conduct alleged in the Consolidated Complaint and may not aggregate or join such claims with those of any other Class Member, except with respect to an account previously held jointly with another Class Member. Pursuant to section III.A.(1) 3 of the Stipulation any and all claims seeking treble damages, punitive damages and/or exemplary damages are waived.

11. The terms of the Stipulation and of this Final Order and Judgment shall be forever binding on all Subclass Members who have not been timely excluded from the Subclass, as well as their heirs, executors and administrators, successors and assigns, and those terms shall have *res judicata* and other preclusive effect in all pending and future claims, lawsuits or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits

4

or other proceedings involve matters that were or could have been raised in this Class Action or are otherwise encompassed by the Release set forth in section II.2 of the Stipulation.

12. All Subclass Members who have not been timely excluded from the Subclass shall be bound by the Release provided in section II.2 of the Stipulation, which is incorporated herein in all respects, regardless of whether such persons received any compensation under the Stipulation. The Release is effective as of the date of this Final Order and Judgment. The Court expressly adopts all defined terms in the Release, including but not limited to the following definitions of the persons who are being released ("Released Parties") and claims subject to the Release ("Released Claims") (which are set forth at sections I. 22 and I. 20 of the Stipulation):

"Released Parties" means all Defendants in the Actions, all of the Federated Funds (as defined in the Stipulation), and with respect to any and all of the foregoing, their past and present parents, subsidiaries, affiliates, general partners, limited partners, officers, directors, trustees, members, employees, agents, servants, attorneys, accountants, executors, administrators insurers, co-insurers and re-insurers, in their capacities as such and in their capacities (if any) as fiduciaries of any of the Federated Funds or as fiduciaries of any ERISA plan established for the benefit of the employees of any of the Federated Defendants and/or their current or former parent, subsidiary, or affiliated companies, and the predecessors, successors, heirs and assigns of the foregoing.

"Released Claims" means any and all manner of actions, causes of actions, suits, obligations, claims, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees whatsoever by the Releasing Parties against the Released Parties, whether in law or in equity and whether based on the Securities Act, Exchange Act, ERISA, the Investment Company Act or any other federal law, state law, common law or foreign law right of action or of any other type or form, foreseen or unforeseen, actual or potential, matured or unmatured (including "Unknown Claims" as defined in the Stipulation) accrued or not accrued which each Releasing Party had, now have, or can have, or shall or may hereafter have, either individually, or as a member of a class, against any and all Released Parties, for, based on, by reason of, or arising from or relating to the conduct alleged in the Actions, including, but not limited to: (i) claims that directly or indirectly arise out of any of the facts, transactions, events, occurrences, acts or omissions mentioned or referred to in the Consolidated Complaint or the Amended Derivative Complaint in the Actions, or other matters that are or could have been set forth, alleged, embraced or otherwise referred to in the Consolidated Complaint, the Amended Derivative Complaint or the Actions, or which could have been brought against Defendants relating to market timing and/or late trading, and (ii) claims arising out of the prosecution or

5

defense of the Actions, including, but not limited to, claims related to the execution of, and entry into, the Stipulation, such as, but not limited to, claims for fraud in the inducement, negligent misrepresentation, or fraud; except that nothing in the Stipulation releases any claim arising out of the violation or breach of the terms of the Stipulation. Provided however, that the Parties to this Stipulation expressly understand and agree that "Released Claims" does not include the claims retained by the Class pursuant to section III.A.(1) herein or derivative claims that might be asserted by persons other than the Releasing Parties on behalf of funds or investment companies whose shares were held by the Releasing Parties.

13. The terms and provisions of the Stipulation, including all exhibits, have been entered into in good faith and as a result of arms-length negotiations and are hereby fully and finally approved as fair, reasonable and adequate as to, and in the best interests of, each of the Parties and Class and Subclass Members, and in full compliance with all applicable requirements of the laws of the United States Constitution (including the Due Process Clause), and any other applicable law. The Parties, Class Members and Subclass Members who have not been timely excluded from the Settlement Subclass are hereby directed to implement and consummate the Stipulation, which is hereby incorporated by reference, according to its terms and provisions.

14. Nothing in this Final Order and Judgment shall preclude any action to enforce the terms of the Stipulation.

15. Counsel of record for the Class and Subclass, Derivative Counsel and Plaintiffs' Administrative Chair and Liaison Counsel are hereby awarded attorneys' fees and reimbursement of their disbursements and expenses in the total amount of $500,000 to be paid by Defendants. Such fees and expenses shall be paid, subject to the conditions set forth in the Stipulation.

16. The preceding paragraphs of this Final Order and Judgment cover, without limitation, any and all claims for attorneys' fees and expenses, costs or disbursements incurred by Class Counsel or any other counsel representing the Lead Plaintiff or the Class Members, the Subclass Representative or Subclass Members, or incurred by the Lead Plaintiff, the Class Members, the Subclass Representative or Subclass Members or any of them, in connection with

6

or related in any manner to the Class Action, the Settlement of the Class Action, the administration of such Settlement, and/or the settled claims except to the extent otherwise specified in this Final Order and Judgment and the Stipulation.

17. The Court has jurisdiction to enter this Final Order and Judgment. Without in any way affecting the finality of this Final Order and Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement and interpretation of the Stipulation and of this Final Order and Judgment, and for any other necessary purpose, including, without limitation:

    a. enforcing the terms and conditions of the Stipulation and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Stipulation, this Final Order and Judgment (including, without limitation, whether a person or entity is or is not a Class Member or Subclass Member; whether claims or causes of action allegedly related to this case are or are not barred by this Final Order and Judgment);

    b. entering such additional Orders as may be necessary or appropriate to protect or effectuate the Court's Final Order and Judgment approving the Stipulation, or to ensure the fair and orderly administration of this Settlement; and

    c. entering any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction.

18. Neither this Final Order and Judgment, nor the Stipulation, nor any of its terms or provisions, nor any of the negotiations between the Parties or their counsel, nor any action taken to carry out this Final Order and Judgment, is, may be construed as, or may be used as an admission or concession by or against any of the Parties or the Released Parties of the validity of any claim or liability, any alleged violation or failure to comply with any law, any alleged breach of contract, any legal or factual argument, contention or assertion. Entering into or carrying out the Stipulation, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of, an admission or concession as to Defendants' denials,

7

defenses, factual or legal positions, and shall not be offered or received in evidence in any action or proceeding against any party in any court, administrative agency or other tribunal for any purpose whatsoever, except as necessary in a proceeding to enforce the terms of this Final Order and Judgment and the Stipulation; provided, however, that this Final Order and Judgment and the Stipulation may be filed in any action against or by Defendants or the Released Persons to support a defense of *res judicata*, collateral estoppel, release, waiver, good faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion or similar defense or counterclaim.

19. The Class Action is hereby dismissed. The claims of the Subclass Members, and all claims by the Class Members against individual Defendants therein, John F. Donahue and J. Christopher Donahue, are dismissed on the merits and with prejudice, without fees or costs to any party except as otherwise provided in this Final Order and Judgment. All "Retained Claims" of Class Members under section III.A.(1) of the Stipulation are dismissed without prejudice as to the Federated Defendants, without fees or costs to any party except as otherwise provided in this Final Order and Judgment.

20. Pursuant to the Stipulation, the Derivative Action, including any remaining claims therein, is hereby dismissed without prejudice, without fees or costs to any party except as otherwise provided in this Final Order and Judgment.

SO ORDERED this 25 day of October, 2010.

/s/
_____
Catherine C. Blake, United States District Judge